Francisco Salvador Ramon E. GARCIA PUJOL, Plaintiff, Appellant,

v.

The UNITED STATES LIFE INSUR-ANCE COMPANY, Defendant, Appellee.

No. 7060.

United States Court of Appeals First Circuit.

June 13, 1968.

Irwin Zemen, San Juan, Puerto Rico, for appellant.

3. Ibid.

Rafael O. Fernandez, San Juan, Puerto Rico, with whom Hartzell, Fernandez, Novas & Ydrach, San Juan, Puerto Rico, was on brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

McENTEE, Circuit Judge.

This is a suit to collect the proceeds of an insurance policy issued to plaintiff in 1942 in Havana, Cuba, by the defendant, a New York corporation. By its terms the policy was payable in 1965 in Havana or New York. Plaintiff, who is now a resident alien of the United States domiciled in Puerto Rico, alleges that although he has performed all the conditions of the policy defendant has refused to honor his demand for payment upon maturity. On motion of the defendant the district court dismissed the suit for lack of jurisdiction.

This suit was commenced by service of process on the defendant's general agent in Puerto Rico appointed pursuant to Section 3–170 of the Insurance Code of Puerto Rico, 26 L.P.R.A. 317. The certificate of appointment and consent to suit in Puerto Rico reads in pertinent part as follows:

" * * * The United States Life Insurance Company in the City of New York consents to be sued in the courts of Puerto Rico *for any cause of action arising against it in Puerto Rico.* Legal process *in any action* may be served on the Commissioner of Insurance of the Commonwealth of Puerto Rico or on Gonzalez–Oliver & Co., of San Juan, Puerto Rico. * * * " (Emphasis supplied.)

Defendant contends that under this document its consent to service is limited to actions arising out of policies issued, or transactions carried out by the defendant in Puerto Rico and that such service was not permissible here because this cause of action did not arise in Puerto

Rico. In support of this view it maintains that the limitation found in the first sentence "to causes of action arising against it in Puerto Rico" is impliedly in the second sentence also. This the plaintiff stoutly denies.

There has been much discussion as to whether the document in question is in the nature of a power of attorney and thus to be narrowly construed or whether it is to be narrowly construed for other reasons. We need not resolve this dispute because we think it clear that apart from such technicalities, the second sentence above quoted is meaningful only in light of the first; that the "any action" of the second sentence must be construed to mean any action of the type contemplated by the first. The district court expressed this thought by invoking the rule of *ejusdem generis* which requires that words of general description following words of particular description be interpreted as applying to those of similar character. In this case at least the rule signified by this pithy Latin phrase merely reflects the common sense of the situation.

Defendant makes the additional point that service of process here is governed not by the provisions of the Federal Rules of Civil Procedure but by the Insurance Code of Puerto Rico. It is true that when service is made as prescribed by local law under Fed.R.Civ.P. 4(d) (7) local law, within constitutional limits, governs amenability to service. Caso v. Lafayette Radio Electronics Corp., 370 F.2d 707 (1st Cir. 1966). Still from the fact that the law of Puerto Rico is controlling, it does not follow that only the Insurance Code is pertinent. The question arises whether defendant in fact engages in such business activities in the Commonwealth so as to bring itself within the ambit of P.R.R. Civ. Pro. 4.4 (e).[1] Notwithstanding defendant's contentions, the fact that the present contro-

1. As the Puerto Rican rule does not appear to differ from Fed.R.Civ.P. 4(d) (3), we need not consider whether the latter contemplates a federal standard

for subjection to process. See Arrowsmith v. United Press International, 320 F.2d 219, 6 A.L.R.3d 1072 (2d Cir. 1963).

versy did not arise out of any activity of defendant in Puerto Rico is not necessarily fatal to the existence of jurisdiction there. Perkins v. Benguet Consolidated Mining Co., 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 485 (1952); Volkswagen Interamericana, S.A. v. Rohlsen, 360 F.2d 437 (1st Cir.), cert. denied, 385 U.S. 919, 87 S.Ct. 230, 17 L.Ed.2d 143 (1966). The record is barren on this factual question and since the point was not raised below, the district court should have an opportunity to consider this issue. See Wright, Federal Courts 206 (1963).

■ Accordingly, we vacate the judgment of the District Court and remand for further proceedings consistent herewith.[2]

2. Defendant also calls our attention to the district court's alternate theory that the parties contemplated that any action resulting from this contract would be brought in Havana or New York. We think the short answer to this is that the parties contemplated payment, not litigation. The mere fact that they agreed on payment in one of two cities does not prove that they agreed that any action arising out of nonpayment would be similarly restricted.